UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ASEPTIC SOLUTIONS USA VENTURES, LLC,

        Plaintiff,

v.                                               Case No.: 2:18-cv-1686

OPERATIONAL SERVICES LLC; AND
KENT GOSS,

        Defendants.

## Aseptic Solutions USA Ventures, LLC's Complaint

Aseptic Solutions USA Ventures, LLC ("Aseptic"), by its attorneys J. Ric Gass and Steven S. Kimball of Gass Weber Mullins LLC, alleges as follows for its Complaint against Operational Services LLC ("O.S.") and Kent Goss ("Goss"):

### Nature of the Case

1. In this action, Aseptic seeks damages for the cost it was forced to incur to repair and reconfigure a used blow molding machine as a result of O.S. and Kent Goss's failure to honor their agreement to refurbish the machine, as well as production losses from delay in delivery of the machine and failure to provide a machine in good operating condition.

2. In 2016, Aseptic contracted with O.S. and Goss to inspect the condition of a used Krones blow molding machine located in Honduras for Aseptic to use in its plant in the United States. Goss inspected the machine and assured Aseptic that O.S. could refurbish machine to good operating condition to serve Aseptic's production needs for many years to come. Aseptic then contracted with O.S. and Goss to refurbish the machine. O.S. and Goss promised to deliver a blow molding machine in good operating condition eight weeks after receiving it at their U.S.

location. The machine—delivered to Aseptic more than three months late—was defective in so many respects that Aseptic could not install it. The Krones technicians Aseptic engaged to install the machine spent weeks at great expense to Aseptic overhauling it in the manner that O.S. and Goss had promised but failed to do. Thousands of dollars in bottle production were lost as well, as the machine failed to function at all or failed to function at full production speed.

## The Parties

3. Aseptic is a Delaware limited liability company with its principal place of business at 484 Alcoa Circle, Corona, California 92880.

4. O.S., on information and belief, is a Kansas limited liability company, with its principal place of business at 3119 Terrace Street, Kansas City, Missouri 64111.

5. Kent L. Goss, on information and belief, is domiciled and resides with an intent to remain at 8942 West 311th Street, Louisburg, Kansas 66053.

## Jurisdiction and Venue

6. This Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy is greater than $75,000. Aseptic, as a Delaware limited liability company, has the citizenship of its members. The sole member of Aseptic is Glanbia, Inc., a Delaware corporation with its principal place of business in Madison, Wisconsin. On information and belief, O.S. is a Kansas limited liability company, whose sole member is Kent Goss, a citizen of Kansas.

7. Defendants are subject to personal jurisdiction in this Court pursuant to an express agreement. New Purchase Order No. 4502639414, dated March 1, 2016 ("Purchase Order"), issued by Aseptic to O.S. (attached as Exhibit A), constitutes the parties' agreement. The Purchase Order provides that it "is subject to Glanbia's terms and conditions of purchase

available at www.glanbia.com." These terms and conditions are posted on Glanbia's website under the heading "Suppliers." In addition, on October 22, 2015, Goss signed and initialed each page of a hard copy of the "Standard Terms & Conditions of Purchase 15.01.2015" ("Terms & Conditions") (attached as Exhibit B). Condition 13.13 of the Terms & Conditions provides:

> These Conditions shall be governed by and construed in accordance with the laws of the State of Wisconsin, United States of America, applicable to contracts made and performed in the State of Wisconsin, without reference to conflict of law principles. Any legal action brought under or in connection with the subject matter of these Terms or any Goods shall be brought only in the United States District Court for the Eastern District of Wisconsin or, if such court would not have jurisdiction over the matter, then only in a Wisconsin State court sitting in Milwaukee, Wisconsin. Each party submits to the exclusive jurisdiction of these courts and agrees not to commence any legal action under or in connection with the subject matter of these Conditions or any Goods in any other court or forum.

8. Venue is proper in the Eastern District of Wisconsin. Condition 13.13 of the Terms & Conditions signed by Goss for O.S. provides:

> Each party waives any objection to the laying of venue of any legal action brought under or in connection with the subject matter of these Conditions and any order in the Federal or state courts sitting in Wisconsin, and agrees not to plead or claim in such courts that any such action has been brought in an inconvenient forum.

**Background**

9. Aseptic required a blow molding machine for its beverage processing plant in Corona, California. Blow molding is a manufacturing process used to make hollow plastic objects such as beverage bottles. A potentially suitable used machine manufactured by Krones AG, a German packing and bottling machine manufacturer, was located in Honduras. A blow molding machine, even second hand, is a significant capital expense.

3

10. On or about September 1, 2015, engaged O.S. to conduct an onsite inspection and evaluation of the machine, as set forth in a quote from O.S. (attached as Exhibit C). On information and belief, Goss personally inspected the machine and represented to Aseptic that O.S. and Goss could refurbish the machine such that it would meet Aseptic's production needs for many years to come. Based on these representations, Aseptic determined that O.S. should refurbish the machine at its Kansas City location for delivery to Aseptic's facility in Corona.

**The Purchase Order**

11. In or about January 2016, the blow molding machine arrived at O.S.'s facility in Kansas City.

12. On or about February 24, 2016, Alan Chao of Aseptic asked Goss, "when do you think the Blowmolder will be ready to ship from Operational Services?" On or about February 25, 2016, Goss responded, "So far no change, still focusing on 8 weeks or less [sic] probably have to work some overtime to keep with that. That said, hoping to ship Monday April 4th and again will try for less."

13. On or about February 29, 2016, O.S. and Goss provided Aseptic with an estimate (attached as Exhibit D) to refurbish the blow molding machine. The estimate described the services to be performed in relevant part as follows:

> Perform refurbishment repairs on Krones S8 #78-0425 blowing machine, its electrical and preform system [sic] located in our Kansas City Facility. Machine will be restored to good operating condition utilizing OEM or equivalent parts and meet OEM production speeds for this model year. . . . Estimated delivery 8 wks. from . . . .

14. On or about March 1, 2016, Aseptic issued the Purchase Order, incorporating the Terms & Conditions.

4

15. The Terms & Conditions (Exhibit B) signed and initialed by Goss include the following provisions:

> Condition 6.1 that "Supplier warrants its expertise (and, in addition, the expertise of any person engaged by the Supplier in the performance of the Services) and confirms the accuracy of all statements and representations made in respect of the Goods and Services prior to the Contract. Nothing contained in these conditions shall in any way detract from the Supplier's obligations under common law or statute or any express warranty or condition contained in the Contract.
>
> Condition 6.8 that "[t]he Supplier shall indemnify the Company against . . . all losses, costs, damages, expenses and claims caused to and made against the Company which would not have been caused or made had the Supplier fulfilled its express or implied obligations under each Contract . . . ."
>
> Condition 7.1 that "[i]f the Contract is in respect of Services, whether wholly or in part, the Services will be carried out substantially in the manner and standard envisaged by parties at the time of issuing the Supply Agreement or Purchase Order. . . . If the Services are not carried out by the date specified in the Contract, the Company may, without prejudice to any of its other rights, procure the Services to be carried out at the risk and expense of the Supplier."

### Delayed Delivery of the Machine

16. On or about March 3, 2016, Aseptic made the initial payment on the Purchase Order.

17. On or about March 9 and 10, 2016, Aseptic personnel visited O.S.'s facility in Kansas City and learned that little progress had been made in refurbishing the machine.

18. From about March to June 2016, Aseptic made numerous attempts without success to confirm with O.S. the likely delivery date of the refurbished machine.

19. In or about July 2016, Aseptic personnel visited O.S.'s facility for a Factory Acceptance Test, which was unsuccessful because the machine was not ready to run.

5

20. On or about August 16, 2016, the machine was finally delivered to Aseptic's facility in Corona.

## The Machine Was Not in Good Operating Condition

21. Despite discussions with Aseptic that Goss would oversee installation and commissioning of the machine, shortly before delivery Goss informed Aseptic that he would not travel to Corona or assist in the installation.

22. As a result, Aseptic engaged the services of two Krones technicians to complete the installation.

23. On or about August 19, 2016, the Krones technicians had arrived in Corona. The Krones technicians immediately determined that refurbishment had not been completed and the machine was not operationally ready to run. The machine had been shipped with may defects unaddressed. Numerous parts were worn, damaged, broken or in poor condition and had to be replaced.

24. The defects in the machine found by Krones technicians included, without limitation, the following:

- The air system was contaminated with oil and leaking, making it unfit for use and potentially unsafe for food manufacturing.

- The P1/P2 valves were damaged and worn and should have been rebuilt.

- The mold compensation valves were defective and not working.

- The oven chain was worn such that the molder could not function at regular speed.

- The water-cooling system contained a significant number of leaks.

- Numerous sensors were either not in place or not functioning.

- A number of hoses were extremely worn and should have been replaced.

- The mold carriers were loose.

25. One Krones technician did a full mechanical audit of the machine and commented that he could not tell what O.S. personnel had done, if anything, to refurbish the machine.

### Aseptic's Indemnification Demand

26. On or about September 26, 2016, Aseptic, through its parent corporation, Glanbia plc, provided written notice, by letter (attached as Exhibit E without original exhibits) emailed and delivered by courier to O.S. and Goss, of the defective condition of the blow molding machine, the Terms & Conditions breached by O.S. and Goss, and the losses and damages Aseptic incurred as result.

27. Aseptic received no response to its September 26, 2016 letter.

28. On or about, February 13, 2017, Aseptic, through its parent, Glanbia plc, served a Letter of Demand (attached as Exhibit F) by email and courier delivery to O.S. and Goss, formally requesting indemnification pursuant to Condition 6.8 of the Terms and Conditions.

29. The Letter of Demand itemized $231,380.26 in costs of installation and remediation work and $245,961.00 in bottle production losses sustained by Aseptic as a direct result of the failure of O.S. and Goss to refurbish the blow molding machine to good operating condition within the agreed time.

30. Aseptic demanded that O.S. and Goss pay these amounts as required by Condition 6.8. To date, O.S. and Goss have not paid any amount, or agreed to pay any amount, in contravention of the Letter of Demand and Condition 6.8 of the Terms & Conditions.

## O.S. Is Kent Goss's Alter Ego

31. Aseptic incorporates by reference paragraphs 1 – 30 above.

32. Goss is personally liable for losses and damages that Aseptic suffered because O.S. is his mere alter ego.

33. On information and belief, O.S. has no separate existence of its own and is the mere instrumentality of Goss, who uses O.S. to evade claims for losses and damages when O.S. fails to perform repair, refurbishing and rebuilding services on equipment as promised.

34. On information and belief, Goss is the sole member of O.S.

35. On information and belief, O.S. has not observed corporate formalities.

36. On information and belief, O.S. has neither assets nor income sufficient to compensate entities and individuals that contract with O.S., including Aseptic, for damages and losses suffered when O.S. fails to perform its contractual obligations.

37. On information and belief, Goss so completely dominated O.S. with respect to the transaction with Aseptic, that O.S. had no separate mind, will or existence of its own.

38. Applying the fiction that O.S. is a separate entity would accomplish Goss's fraudulent purpose to obtain payment for services that Goss knew that O.S. and he could not provide.

39. On information and belief, Goss has a pattern and practice of using shell companies to evade damages and losses from his failure to competently repair, refurbish and rebuild blow molding machines. As recounted in *Packaging Sys. & Enters., Inc. v. Operational Solutions*, 419 P.3d 661 (Kan. App. June 8, 2018), in May 2013, Operation Solutions, Inc., a Kansas corporation, through its president, Kent Goss, sent a quote to Packaging Systems to refurbish and upgrade a blow molding machine. Operational Solutions subsequently forfeited its

8

corporation status for failure to file an annual report with the Kansas Secretary of State. The court noted, however, that Goss was (and is) a member of O.S. Packaging Solutions never received the machine and sued in New Jersey, alleging that Goss was the alter ego of Operational Solutions. Operational Solutions and Goss failed to appear and defaulted. When Packaging Solutions registered the judgment in Kansas under the Uniform Enforcement of Foreign Judgments Act, Operational Solutions and Goss contended New Jersey lacked personal jurisdiction. The Kansas court rejected the jurisdictional challenge. In affirming, the appellate court noted that Operational Solutions and Goss "offer[ed] nothing to contradict Packaging Systems' contention that [they] are essentially one and the same." *Id.* at *8.

40. In *Sweet Craft Ltd. v. Operational Solutions, Inc.*, No. 14-2187-SAC, 2015 WL 1735077 (D. Kan. April 16, 2015), the court rendered a default judgment against Operation Solutions and Goss as a sanction when they failed to comply with a discovery order and refused to respond to any discovery requests. In that action, Sweet Craft alleged that it paid Operational Solutions and Goss to inspect, purchase, repair and install a blow molding machine, which services were never provided. Sweet Craft further alleged that the actions of Goss are indistinguishable from the actions of Operational Solutions, such that the conduct of one should be considered the conduct of both.

**Count 1: Breach of Contract**

41. Aseptic incorporates by reference paragraphs 1 - 40 above.

42. Aseptic and O.S. entered into an enforceable contract pursuant to which O.S. agreed to refurbish a Krones blow molding machine, within eight weeks of Aseptic's initial payment to O.S., to good operating condition at the manufacturer's operating speeds for this model.

9

43. Aseptic performed in accordance with the parties' contract by making the payments called for the Purchase Order and Terms & Conditions and otherwise complying with its obligations under the Agreement.

44. O.S. materially breached the agreement, including, but not limited to, by failing to:

    a. refurbish the Krone blow molding machine to good operating condition;

    b. complete refurbishment of the machine within the agreed time period; and

    c. comply with its indemnification obligation under Condition 6.8 of the Terms & Conditions.

O.S. has failed and refused, and continues to fail and refuse, to perform its obligations under the agreement.

45. As a result of O.S's material breaches, Aseptic has sustained damages in an amount to be determined at trial but at least $477,341.26, including, without limitation, the amounts paid to refurbish the machine by Krones technicians and lost profits from the continued failure of the machine to function as part of Aseptic's normal production activities.

46. Goss is personally liable for Aseptic's expenses and losses because O.S. is his mere alter ego.

**Count 2: Unjust Enrichment**

47. Aseptic incorporates by reference paragraphs 1 – 46 above.

48. In providing funds to refurbish the Krones blow molding machine, Aseptic conferred a benefit on O.S. and Goss.

49. O.S. and Goss knowingly accepted and retained the benefit conferred by Aseptic.

50. O.S. and Goss accepted and retained the benefit under circumstances that reasonably notified O.S. and Goss that Aseptic provided the funds with the expectation that they would be expended in furtherance of Aseptic's interests.

51. Acceptance and retention by O.S. and Goss of the benefit conferred by Aseptic without providing corresponding value in furtherance of Aseptic's interest is inequitable.

52. For the acts and omissions of O.S. and Goss, Aseptic is entitled to damages, including, without limitation, in the amount of the value of the benefit conferred on O.S. and Goss in an amount to be determined at trial but at least $302,506.00.

WHEREFORE Aseptic seeks judgment as follows:

    A.    An award of damages in favor of Aseptic and against all defendants;

    B.    An award of prejudgment interest, costs, fees, and other relief as allowed by law; and

    C.    Any other relief warranted under the circumstances.

Dated this 23rd day of October, 2018.

**GASS WEBER MULLINS LLC**
Attorneys for Plaintiff

By: *s/J. Ric Gass*
    J. Ric Gass, SBN 1011998
    Steven S. Kimball, SBN 1113334

Contact Information:
Gass Weber Mullins LLC
241 N. Broadway, Suite 300
Milwaukee, Wisconsin 53202
Ph.: 414-223-3300
Fax: 414-224-6116
Email: gass@gwmlaw.com
       kimball@gwmlaw.com